UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rev. Thomas L. Davis, | ) C/A No. 9:13-382-GRA-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Christine Wilson, James Bukoffsky, Brian Chapman, Anthony Dore, Larry Weidner, Erick Erickson, State of South Carolina, Matthew Friedman, | ) Report and Recommendation |
| Defendants. | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The Plaintiff's Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1] *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914 at *1 (4th Cir. Aug. 22, 2012); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). As the

---

[1] Authority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se,* non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8–10 (D.S.C. June 25, 2008); *Key v. United States Dep't of Transp.*, No. 2:01-3076-18RB (D.S.C. Dec. 7, 2001) (finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). This Court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915.

Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976).  The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Further, the requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The Complaint alleges that Defendants Christine Wilson and James Bukoffsky wrongfully arrested Plaintiff on January 7, 2007.  ECF No. 1, pages 5, 6.  Defendant Brian Chapman "later added an erroneous shooting and other gun charges to force a plea of 15 yrs."  *Id.* at 6.  Defendant Erick Erickson is "a paid attorney" who represented Plaintiff in state court.  *Id.*  The Complaint states that Defendant Erickson "drained [Plaintiff's] bank account and did not attempt to help [Plaintiff] go free."  *Id.* at 4, 6–7.  Plaintiff fired Defendant Erickson and Defendant Larry Weidner then "took the case."  *Id.* at 7.  However, Plaintiff also fired Defendant Weidner for allegedly holding "back a court order."  *Id.* at 8. Plaintiff was then "given Pro Se counsel . . . with Attorney Anthony Dore as his assistant." *Id.*  Defendant Dore allegedly failed to properly represent Plaintiff and is named for forging

2

Plaintiff's name on the sentence sheet resulting in an "erroneous plea-bargain." *Id.* at 3, 9–11. "State of South Carolina's Attorney General Matthew Friedman" is named as the prosecutor in Plaintiff's criminal proceedings. *Id.* at 3, 11. Plaintiff indicates that he filed an application for post-conviction relief (PCR) regarding his state conviction, and received a hearing on April 19, 2011. *Id.* at 3, 10–11. Plaintiff has also filed an appeal with the South Carolina Supreme Court, which "it still being considered." *Id.* at 11. Plaintiff asks this Court to "have the S.C. Supreme Court vacate the erroneous sentence sheet." *Id.* at 12. Plaintiff also seeks monetary damages and a public apology from the Defendants. *Id.* at 12–13.

## Discussion

In order for a court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S.Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*,

3

191 F.3d at 399.  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Id.*  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.* In addition, federal subject matter jurisdiction does not exist when a federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (citation omitted). In the present case, Plaintiff's allegations are insufficient to invoke federal subject matter jurisdiction because they have either been previously decided in this Court, or are devoid of merit.[2]

First, Plaintiff alleges false arrest by Defendants Wilson, Bukoffsky, and Chapman. ECF No. 1 at 5–6.  This is the second case filed by Plaintiff in this court alleging federal and state law claims against these Defendants.  *See Thomas Louis Davis v. Christine L. Wilson, et al.*, C/A No. 0:07-3976-GRA (D.S.C. Dec. 11, 2007).  Plaintiff's prior civil action resulted in an order granting summary judgment to Defendants Wilson, Bukoffsky, and Chapman on March 16, 2009.  *Id.* at ECF No. 87.  Thus, Plaintiff's claims against these

---

[2] Diversity jurisdiction is not applicable to this case because Plaintiff does not allege complete diversity of citizenship. *See* 28 U.S.C. § 1332.

4

Defendants are barred by the doctrine of *res judicata*. "'For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits.'" *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005) (citation omitted). Further, *res judicata* not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989) (citation omitted). In the instant action, the three elements of *res judicata* are present: (1) the same Defendants are named in both cases; (2) the allegations contained in the instant Complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in the previous civil action; and (3) a final judgment has been entered on the merits of Plaintiff's prior civil action against Defendants Wilson, Bukoffsky and Chapman. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of *res judicata*).

Further, as explained in the Report and Recommendation in Plaintiff's prior civil action against Defendants Wilson, Bukoffsky and Chapman, a claim for damages regarding actions whose unlawfulness would render a conviction or sentence invalid, is not cognizable under 42 U.S.C. § 1983 unless the plaintiff proves that the conviction or sentence has been reversed on appeal, expunged, invalidated by a state tribunal, or called into question by issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). The instant Complaint indicates that Plaintiff has filed an application for post-

5

conviction relief regarding his state sentence and conviction. ECF No. 1 at 10–11. However, the Complaint seeks an order from the South Carolina Supreme Court to "vacate the erroneous sentence sheet," *id.* at 12, and complains that Plaintiff's PCR appeal "is still being considered." *Id.* at 11.[3] Therefore, Plaintiff's claims against Defendants Wilson, Bukoffsky, and Chapman remain barred by the favorable termination requirement pronounced in *Heck*.

The Complaint also names three defense attorneys, Defendants Dore, Weidner, and Erickson, for actions associated with their legal representation in Plaintiff's criminal case. ECF No. 1 at 3–4, 6–10. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk Cnty v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Therefore, the

---

[3] Online records for Beaufort County reflect that Plaintiff entered a guilty plea to unlawful carrying of a pistol in the Beaufort County Court of General Sessions on July 23, 2008. Plaintiff filed an application for post-conviction relief (PCR) on May 13, 2010, which the state court dismissed with prejudice on May 16, 2011. Plaintiff filed a notice of intent to appeal the PCR decision on May 19, 2011, and an application to proceed *in forma pauperis* in the South Carolina Supreme Court on December 14, 2012. *See* Beaufort County Fourteenth Judicial Circuit Public Index, http://publicindex.sccourts.org/beaufort/publicindex/PISearch.aspx (last visited Feb. 25, 2013). The court may take judicial notice of factual information located in postings on government websites. *See Myers v. Kaufmann,* C/A No. 2:10-2081-RMG-RSC, 2010 WL 4338097 at *2, n.2 (D.S.C. Sept. 16, 2010); *McCormick v. Wright,* C.A. No. 2:10-33-RBH, 2010 WL 565303 at *2 (D. S.C. Feb. 17, 2010); *Williams v. Long*, 585 F. Supp. 2d 679, 685–89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Complaint fails to state a cognizable § 1983 claim against Defendants Dore, Weidner, and Erickson.[4]

In addition, Plaintiff lists the State of South Carolina and Matthew Friedman, a state prosecutor, as Defendants in this case. ECF No. 1 at 1–2. The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[5] Therefore, the State of South Carolina is protected from Plaintiff's claims by the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890).

Defendant Friedman, a prosecutor in Plaintiff's state criminal case is also immune from suit in this case, because prosecutors have absolute immunity for activities in or

---

[4] Erick Erickson and Larry Weidner were also named as defendants in Plaintiff's prior civil action. *See Thomas Louis Davis v. Christine L. Wilson, et al.*, C/A No. 0:07-3976-GRA (D.S.C. Dec. 11, 2007). Defendants Erickson and Weidner were summarily dismissed from that case for the same reasons stated in this Report and Recommendation. *Id.* at ECF No.'s 17, 30.

[5] To the extent Plaintiff moves under 42 U.S.C. § 1983, Congress has not abrogated the states' sovereign immunity under that Statute. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Further South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).

connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, the Complaint's claims regarding Defendant Friedman's prosecution of Plaintiff's criminal case are barred from suit under § 1983.

As indicated above, Plaintiff has paid the full filing fee, therefore, the provisions of the 28 U.S.C. § 1915 do not apply to this case. However, payment of the full filing fee does not cure lack of jurisdiction. *See Conner v. Greef*, No. 03-5986, 2004 WL 898866, at **1 (6th Cir. April 26, 2004); *Myers v. McKnight*, C/A No. 2:10-3259-RMG-RSC, 2011 WL 221867 at *7 (D.S.C. Jan. 5 2011). While Plaintiff's Complaint expressly references the Constitution and its Amendments, ECF No. 1 at 5, merely invoking the Constitution is insufficient when there are no facts alleged to support a federal claim. *See Holloway*, 669 F.3d at 452–53 (indicating that where the allegations are so lacking in specificity or are so insubstantial and conclusory, they do not involve a federal controversy). Because Plaintiff has failed to allege sufficient factual allegations to raise a plausible claim supporting federal question subject matter jurisdiction against the Defendants, the action is subject to dismissal. Therefore, the court should not exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

## Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. The Plaintiff's attention is directed to the important Notice on the next page.

March 7, 2013  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).