UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Rev. Thomas L. Davis,                                 )<br>                                                               )<br>                        Plaintiff,           )<br>                                                               )<br>         v.                                                  )<br>                                                               )<br>Christine Wilson; James Bukoffsky;      )<br>Brian Chapman; Anthony Dore; Larry  )<br>Weidner; Erick Erickson; State of South )<br>Carolina; Matthew Friedman,             )<br>                                                               )<br>                        Defendants.     )<br>_____ ) | C/A No.: 9:13-cv-00382-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Bruce Howe Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C. Plaintiff Thomas L. Davis ("Plaintiff"), proceeding *pro se*, instituted this action on February 12, 2013 alleging various Constitutional violations by the Defendants. ECF No. 1. After making a careful review of the pleadings pursuant to established local procedure in this judicial district, Magistrate Judge Hendricks recommends that the Court dismiss the case *without prejudice* and without issuance and service of process. Report & Recommendation 9, ECF No.7.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S.

364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

The Magistrate Judge makes only a recommendation to this Court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on March 25, 2013. ECF No. 10.

Upon review of Plaintiff's objections, the Court finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. As such, the objections lack specificity to trigger *de novo* review and will not be addressed.

After a thorough review of the Magistrate Judge's Report and Recommendation and the objections thereto, this Court finds that the report is based

upon proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is DISMISSED *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

March 27, 2013
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.